# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Ralph S. Hirsch (AKA "Tony"), | Case No.: 2:10-cv-382 |
| And | Judge: |
| Ralph S. Hirsch III (AKA "Stew"), | |
| Plaintiffs, | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| v. | |
| Pentagroup Financial, LLC, | **JURY DEMAND ENDORSED HEREIN** |
| Defendant. | |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this action occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Defendant is a Texas limited liability company that maintained its principal place of business in Houston, Texas at all times relevant to this action.

3. The principal purpose of Defendant's business is the collection of debts. As such, Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

4. As described below, Defendant attempted to collect a debt allegedly owed by Plaintiff Ralph S. Hirsch III ("Stew") to Dell Financial Services, LLC, which is a "debt" as defined by 15 U.S.C. §1692a(5).

5. Stew is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Plaintiff Ralph S. Hirsch ("Tony") is Stew's father.

7. On or around December 7, 2009, Defendant's employee telephoned Tony in connection with the collection of the debt allegedly owed by Stew and without Stew's permission.

8. During this communication, Defendant's employee asked to speak to "Ralph Stewart Hirsch" and Tony replied that he was Ralph Stewart Hirsch.

9. During this communication, Defendant's employee stated that he was calling about a debt owed to Dell Financial Services and Tony explained that Defendant had called the wrong person.  In response, Defendant's employee denied that he had called the wrong person and threatened to send the account to litigation unless the debt was paid that day.

10. On or around December 7, 2009, Tony informed Stew of the above referenced communication.

11. On or around December 7, 2009, Stew telephoned Defendant in response to the above referenced communication.

12. During this communication, Stew notified one of Defendant's employees that Tony was his father and complained that the call to Tony was inappropriate.  In response, Defendant's employee belittled Stew's concerns and accused Stew of seeking to avoid the debt by complaining about the call to Tony.  Stew then requested to speak to a supervisor.

13. During this communication, the supervisor stated that Defendant had a recording of the call to Tony and put Stew on hold to listen to the recording.  The supervisor then returned to the telephone, claimed to have listened to the recording, and claimed that Defendant had done nothing wrong.

14. On or around December 9, 2009, Stew mailed Defendant a letter, advising Defendant of his social security number, his current address, and his telephone number.  The letter further

instructed Defendant to cease further calls to him or any other person the Defendant might have associated with his name.

15. Evidence obtained through discovery will likely show that Defendant failed to notate Stew's account with Stew's correct telephone number and address.

16. Evidence obtained through discovery will likely show that Defendant then returned Stew's account to Dell Financial Services with the account listing Tony's telephone number and address instead of Stew's telephone number and address.

17. As a result of Defendant's failure to notate the account, Tony received further communications from another debt collector attempting to collect the debt allegedly owed by Stew.

18. Defendant caused Plaintiffs emotional distress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act as to Stew

20. Stew incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c(b) communicating with a third party in connection with the collection of the debt without Stew's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act as to Stew

22. Stew incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Stew in connection with the collection of a debt.

### COUNT THREE

### Violation of the Fair Debt Collection Practices Act as to Stew

24. Stew incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

### COUNT FOUR

### Violation of the Fair Debt Collection Practices Act as to Stew

26. Stew incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to attempt to collect a debt.

### COUNT FIVE

### Violation of the Fair Debt Collection Practices Act as to Tony

28. Tony incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Tony in connection with the collection of the debt.

### COUNT SIX

### Violation of the Fair Debt Collection Practices Act as to Tony

30. Tony incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

### COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act as to Tony

32. Tony incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to attempt to collect a debt.

## JURY DEMAND

34. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiffs pray for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: /s/ Jeffrey S. Hyslip
    Jeffrey S. Hyslip
    Bar # 0079315
    233 S. Wacker Dr., Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: jsh@legalhelpers.com
    Attorneys for Plaintiff